(58 Misc. Rep. 183.)

### GERARDI v. NEW YORK SAVINGS BANK.

(Supreme Court, Appellate Term.  March 5, 1908.)

1. BANKS AND BANKING—SAVINGS BANKS—NEGLIGENCE—PAYMENT OF DEPOSIT
   TO WRONG PERSON—LIABILITY.

   Payment by a savings bank of a deposit to a person not entitled to receive it, even though the person presents the pass book, will not discharge the bank from liability to the owner, if at the time of payment any fact or circumstance was brought to the knowledge of the bank officers reasonably calculated to excite suspicion and inquiry by an ordinarily careful person, and the officers failed to make inquiry or to exercise proper care; and the bank cannot avoid liability by the adoption of arbitrary rules and causing them to be printed in its pass books.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Banks and Banking, §§ 1162–1169.]

2. SAME—FORGED CHECKS—PAYMENT.

   Where the tellers of a savings bank, upon presentment of forged checks, noticed a dissimilarity of the signature on the checks and the depositor's signature on the bank's signature book, and called it to the attention of the bank treasurer, who ordered the checks paid without taking any steps to ascertain the genuineness of the signatures, the bank was negligent, and is liable to the depositor for the loss occasioned by the forgeries.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Banks and Banking, §§ 1167–1169.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Vincenzo Gerardi against the New York Savings Bank. Judgment for plaintiff, and defendant appeals.  Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Reynolds & Ryder, for appellant.
Palmieri & Wechsler, for respondent.

GILDERSLEEVE, P. J.    There is no dispute as to the essential facts of this case, which are substantially as follows, viz.:  The plaintiff had on deposit with defendant the sum of $158.15 on October 29, 1906. On said 29th day of October, 1906, plaintiff's wife took his pass book to defendant and presented same, with a forged check for $30, which sum defendant paid to said wife.  Later, and on November 2, 1906, plaintiff's said wife again presented the pass book to the defendant, with a forged check for $50, which sum defendant also paid to the said wife.  On January 27, 1907, plaintiff's wife abandoned plaintiff, who then for the first time discovered the forgeries.  The only question is as to the liability of defendant to make good to plaintiff the loss occasioned by the forgeries.

The rule is that payment by a savings bank of a deposit to a person not entitled to receive it, even though such person have possession of

the bank book and present the same, will not discharge the savings bank from liability for the loss to the owner, if at the time of payment any fact or circumstance was brought to the knowledge or attention of the savings bank officer or officers that was reasonably calculated to excite the suspicion of and inquiry by an ordinarily careful person, and such officer or officers failed to make inquiry or to exercise proper care and diligence; and the savings bank cannot divest itself of this liability by the adoption of arbitrary rules and causing the same to be printed in its pass books. In the case at bar the defendant's paying teller swears that when the first forged check was presented he compared the signature with that of plaintiff, which was on defendant's signature book, and was doubtful as to whether plaintiff wrote the signature on the check. He then referred the matter to the other teller, who was also doubtful about the genuineness of the signature on the check. They then referred the matter to the defendant's treasurer, who ordered the teller to pay the check. Again, when the second forged check was presented, the teller had the same doubts, which were shared by his brother teller, who agreed with him that the signatures "did not agree." Again they called the attention of the defendant's treasurer to the lack of similarity between the signature of plaintiff on defendant's signature book with the signature on the check; but again said treasurer ordered the teller to pay the check. The teller testifies that at the time he paid the two checks he asked Mary Gerardi (plaintiff's wife) to indorse her name on the back of the check, and that he believed the signature of Mary Gerardi on the indorsements and the signature to the checks of Vincenzo Gerardi were written by the same person.

As we have said, the only question in the case was the negligence of the defendant in paying the checks. It is very clear that an inspection of the signature on the checks in comparison with the genuine signature of the plaintiff in defendant's signature book was enough to put defendant on its guard. It did not require the skill of an expert to satisfy the ordinary mind that the signature to the checks was not genuine. After having had their attention directed to the dissimilarity of the genuine and forged signatures, and having had their suspicions aroused, defendant's officers should have taken steps to satisfy themselves of the genuineness of the signatures before paying the checks. There is no evidence that would justify any charge of contributory negligence on the part of plaintiff in permitting his wife to get possession of his pass book. He appears to have kept his book in a reasonably safe place, and did not discover its theft by his wife until after her flight, when he immediately notified the bank of his loss. The treasurer of the defendant, upon whose advice the checks were paid, was not produced as a witness, and his excuse, if any he had, for directing the payment of the forged checks, does not appear.

We are of opinion that the facts fully warrant the finding of the trial justice that defendant was guilty of negligence.

The judgment must be affirmed, with costs. All concur.